# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF WORCESTER, OCTOBER TERM 1853, AT
WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, }Justices.
Hon. PLINY MERRICK,

## ALFRED W. DOGGETT vs. ALVIN COOK.

If a justice of the peace who has convicted a person of an assault and battery, allows him to go at large for nearly a year without payment of the fine and costs, he has no right then to issue a mittimus for the commitment of said party, without first issuing a capias for him to show cause why he should not be committed; and if the party is arrested upon such a mittimus, the justice is liable in trespass.

This was an action of trespass for a false imprisonment. It appeared at the trial in the court of common pleas, that on the 10th day of July, 1850, the plaintiff, a minor, was brought before the defendant, a trial justice for the county of Worcester, on a warrant issued by Francis Dean, Jr. a justice of the peace for said county, on a charge of assault and battery.

The plaintiff was regularly tried and convicted of the offence charged, and sentenced to pay a fine of two dollars and costs of prosecution, taxed at six dollars and forty cents, and to stand committed until said sentence should be complied with. The father of the plaintiff, as his next friend, claimed an appeal in his behalf, which was allowed, and the plaintiff entered into a recognizance with sureties, to prosecute said appeal with effect. The appeal was entered at the next term of the criminal court, when the plaintiff was defaulted and a capias issued against him, on which he was brought into court at the next term of said court, January term, 1851. He then moved in person to be discharged, on the ground that the court had no jurisdiction of the offence, no appeal having been properly taken. The court, on inspection of the record, ordered that " the case be remanded to the magistrate for enforcement of his said sentence."

The defendant then issued a mittimus in the common form, for nonpayment of the fine and costs, and delivered the same to a deputy sheriff to be by him served and executed. Thereupon, on the 19th of June, 1851, the plaintiff, being at large, was seized by the officer upon and by virtue of said mittimus, and conveyed from his home in Mendon, to the jail in Worcester, and there detained from the afternoon of that day to the morning of the day following, when he was set at liberty on paying the amount of the above fine and costs, to wit, eight dollars and forty cents.

Upon these facts *Merrick,* J. ruled that if the jury were satisfied that the magistrate voluntarily suffered and allowed the plaintiff to pass from custody before him, and by his order or consent permitted the plaintiff to go, and be at large, the defendant not having first issued a capias or any proper process to bring the plaintiff again before him, had no right to issue the mittimus aforesaid, and that the same so issued being illegal and affording no sufficient justification for the arrest of the plaintiff, the defendant by causing his arrest upon such mittimus was rendered liable in an action for false imprisonment.

The jury found a verdict for the plaintiff, and to these rul-

ings the defendant excepted. The case was argued and determined at the October term, 1852.

*G. F. Hoar*, for the defendant.

*W. F. Slocum*, for the plaintiff.

DEWEY, J. If this mittimus was illegally issued, the defendant is liable in trespass for the arrest made thereon. *Kendall* v. *Powers*, 4 Met. 553. The only inquiry therefore is, whether upon the facts stated, the defendant in his capacity of justice of the peace had the authority to issue the mittimus directing the committal of the plaintiff to prison.

All parties have acted upon the hypothesis that the appeal was not properly taken, the plaintiff insisting that such was the fact before the common pleas, and procuring on his motion a dismissal of the action on this ground by the court of common pleas, and the defendant as a justice resuming his jurisdiction, and as it would seem under the order of the court " that the case be remanded to the magistrate for the enforcement of his sentence," given before the application by the father to take an appeal for his son, the party then on trial. We have not thought it necessary to consider the question whether the appeal was not properly taken by the father, acting as next friend of his minor son, who had been convicted of a criminal offence, for the reason just stated, viz: all the parties have assumed that there was no legal appeal. Supposing this to be so, the case presents itself thus; a party accused of the crime of assault and battery was tried, convicted, and sentenced to pay a fine and costs, all on the 10th of July, 1850. Thereupon the party thus convicted was permitted to go at large, and no order for his committal was then made. On the 19th of June, 1851, nearly a year after this, the party was arrested and committed to prison on the common mittimus, such an one as would have been appropriate on the day of the conviction, if he had failed to pay the fine and costs.

This proceeding was, we think, unauthorized. A preliminary step, the issuing a capias to bring the party before the justice, to show cause why he should not be committed in execution of the sentence, would seem to be required at least

before issuing a mittimus at that remote period from the time of passing sentence. · The party should, at that late day, have had the opportunity to show cause why he should not be committed to gaol for not paying the fine and costs he had been adjudged to pay. This not having been done, but a mittimus issued nearly a year after the time the party had been permitted to go at large, under judgment and sentence on the complaint against him, the proceeding was irregular and the mittimus not authorized. *Exceptions overruled.*